Pearson, C. J.
 

 "We can see no ground to support the position that the principle of the’common law, by which a suitor, while going to, remaining at, and returning from Court, is exemptedjffrom arrest, is not in force in this State.
 

 The*suggestion that our statutes, which,
 
 in express terms,
 
 exempt
 
 witnesses
 
 from arrest, have the effect, by implication, to abrogate the rule of the common law in regard to
 
 smtors,
 
 has no force. Those statutes were passed in order to regulate the mileage, which witnesses were entitled to charge, and to embrace within the principle of the common law, witnesses, who were required to attend before
 
 arbitrators
 
 and
 
 commissioners
 
 to take depositions, for the protection of whom, the principle of the common law was extended, and the general
 
 *630
 
 expression, which embraces all witnesses, so far from showing an intention to abrogate the common law in regard to suitors, if implication could be resorted to, shows an intention to (extend, instead of abrogating the principle which had been adopted at the common law, in reference to all persons, whose presence was required at Court. There is no error.
 

 Hammerskold
 
 v.
 
 Rose.
 
 *675
 
 INDEX. 673 WILL — CODICIL TO. 1. A codicil should be so construed as only to interfere with the disposition made in the will, to the extent necessary to give the full effect to the codicil..
 
 Jenkins
 
 v.
 
 Mmwell,
 
 612. 2. Where, therefore, a testator gave, in the body of his will, a fee simple in a tract of land to A, and by a codicil ordered the land to be sold by his executor, and the proceeds divided among other persons than A, it was
 
 held
 
 that until the exercise of the- power of sale by the executor, the legal estate remained in A, the legatee, mentioned in the body of the will.
 
 Ibid.
 
 WILL — REVOCATION OF BY MARRIAGE. A holograph will revoked by the rarrriage of th© testator, can only be revived and republished by a written instrument setting forth Ms intention, and duly attested by two witnesses, or by a writing by the testator himself, found among his valuable papers, or handed to one for safe keeping..
 
 Sawyer v. Sawyer,
 
 134 WILL-ATTESTATION OF. 1. It was held not to be error in a Judge to instruct a jury that a testamentary capacity was “ a capacity to understand the nature of the-act, in which the testator was engaged, and its full extents and effects.”
 
 Cornelius
 
 v.
 
 Cornelius,
 
 512. 2. It was held not to he error in a Judge to say that the law gave peculiar importance to-the testimony of the attending physician and the subscribing witnesses..
 
 Ibid.
 
 3. Where the script was attested by witnesses in the same room with the decedent, about eight feet to one side of- Mm, but in a position to be seen by Mm in the act of attestation if he turned his head half round, and he was able so- to turn his head without pain or inconvenience, it was
 
 held/’
 
 to be attestation in the presence of the decedent.
 
 Ibid.
 
 WITNESS — COMPETENCY OF. VideEviDBHOBi 9. WORDS OF CONVEYANCE. A conveyance of a tract of land by A to B, containing the* words “ C’smilt •seat excepted,” was
 
 held
 
 not to convey to 0 the soil upon wMch water had been ponded for the use of a mill for twenty years.
 
 Everett v. Dockery,
 
 390.
 

 
 *630
 
 . Per .Curiam,
 

 Judgment affirmed.